[Cite as *State v. Covey*, 2012-Ohio-4728.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
|     Plaintiff-Appellee | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2011CA00268 |
| MICHAEL BERNARD COVEY | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Massillon Municipal Court, Case Nos. 2011CRB1477 & 2011TRD4901

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    October 9, 2012

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

ROBERT A. ZEDELL    MATTHEW S. KUHN
Massillon Law Department    Stark County Public Defender Office
Two James Duncan Plaza    200 West Tuscarawas Street, Suite 200
Massillon, Ohio 44646    Canton, Ohio 44702

*Hoffman, P.J.*

{¶1}   Defendant-appellant Michael B. Covey appeals his conviction entered by the Massillon Municipal Court, following a jury trial.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2}   On July 5, 2011, the Ohio State Highway Patrol charged Appellant with failure to comply with the lawful order of a police officer, in violation of R.C. 2921.331(a), a first degree misdemeanor; and reckless operation, in violation of R.C. 4511.20, a minor misdemeanor.  The alleged violations occurred on May 28, 2011.  Appellant appeared before the trial court for arraignment on July 7, 2011, and entered pleas of not guilty to the charges.

{¶3}   The matter proceeded to jury trial on November 10, 2011.  The following evidence was adduced at trial.

{¶4}   Sgt. Bradley Bishop of the Ohio State Highway Patrol was on regular routine patrol on May 28, 2011. Shortly after 11p.m., the officer was traveling southbound on Alabama Avenue in Tuscarawas Township, when he observed a white pickup truck in front of him pull away.  Sgt. Bishop indicated he was traveling between 50 and 55 mph, and accelerated in an attempt to obtain a pace speed of the truck. About the time the officer reached 70 mph, he noticed the pickup cross over the center line of the roadway.

{¶5}   Sgt. Bishop illuminated his patrol lights in an attempt to stop the truck. Rather than pull over, the driver, who was subsequently identified as Appellant, accelerated the truck to approximately 80 mph.   The officer notified dispatch of

Appellant's failure to stop, and activated the cruiser siren and spotlight.  After a two mile pursuit, Sgt. Bishop was approximately 30 feet, or two car lengths, behind the truck and was able to obtain the license plate number.  Appellant turned to the side to adjust the rearview mirror and the officer was able to get a look at his profile.

{¶6} Appellant pulled into a church parking lot.  Sgt. Bishop turned off his sirens and advised dispatch he was initiating a stop.  However, Appellant continued through the parking lot around the back of the church and onto Stanwood Road.  Appellant ran a stop sign and proceeded onto Alabama Avenue, traveling northbound.  Sgt. Bishop continued to pursue Appellant up a gravel driveway, across a residential lawn, and behind a storage barn.  Appellant traveled onto a tractor path.  Because his cruiser began to sink, the officer terminated the pursuit.  Through the various turns made during the pursuit, Sgt. Bishop was able to get several good views of Appellant's profile.

{¶7} Dispatch informed Sgt. Bishop the pickup was registered to a female with an address approximately ¼ mile from where the pursuit had ended.  The officer proceeded to the residence. Other troopers arrived at the scene.  The truck was subsequently found in a recently harvested field, stuck in a ravine.  Laura Kowell, the owner of the truck, eventually arrived at the residence.  Kowell advised officers she lived with Appellant, her boyfriend.  Sgt. Bishop conducted a driver's license check and criminal history check of Appellant, and was able to retrieve a photograph of Appellant from a BMV image check.  Sgt. Bishop immediately recognized Appellant as the driver of the truck.

{¶8} Trooper Brandon Richardson was dispatched to Kowell's residence as backup.  When Kowell arrived, he spoke with her regarding her truck.  Kowell indicated

Appellant had access to the vehicle. Kowell gave Trooper Richardson permission to search the residence, but Appellant was not located.

{¶9} Kowell testified she and Appellant have been in relationship for six years and they reside together. Kowell noted the couple owns two vehicles, a sedan and a white pickup truck. Earlier in the evening on May 28, 2011, Kowell and Appellant were at a local bar. Appellant had been driving the truck that evening. Kowell indicated other individuals drove the truck and it would not be unusual for Appellant to loan the vehicle to someone without asking her permission. Kowell could not be certain Appellant was the individual driving the truck during the pursuit as she left the bar before him.

{¶10} After hearing all the evidence and deliberations, the jury found Appellant guilty as charged. The trial court sentenced Appellant to 180 days in county jail, and ordered him to pay $500 in fines and court costs. In addition, the trial court imposed a lifetime suspension on Appellant's operator's license. The trial court memorialized the conviction and sentence via Journal Entry and Order filed November 10, 2011.

{¶11} It is from this conviction and sentence Appellant appeals, raising as his sole assignment of error:

{¶12} "I. THE TRIAL COURT'S FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

I

{¶13} In his sole assignment of error, Appellant challenges his convictions as against the sufficiency and manifest weight of the evidence. Specifically, Appellant

contends the State failed to prove beyond a reasonable doubt he was the driver of the pickup truck.

{¶14} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See *State v. Thompkins,* 78 Ohio St.3d 380, 386, 1997–Ohio–52, 678 N.E.2d 541, *State v. Jenks,* 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991). The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jenks,* supra.

{¶15} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." *Thompkins,* supra at 387, citing *State v. Martin,* 20 Ohio App .3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass,* 10 Ohio St.2d 230, 227 N.E.2d 212, (1967), syllabus 1.

{¶16} Appellant claims there was "no way that the Trooper could have seen enough of the driver's face to make a positive identification in this case and he merely

made the assumption that it was [Appellant] based on his relationship with the vehicle's owner and the proximity to their residence." Brief of Appellant at 11. We disagree. Sgt. Bishop testified he observed Appellant's profile on more than one occasion during the extended pursuit. Sgt. Bishop immediately identified Appellant as the driver when the officer viewed the BMV image. Additionally, Laura Kowell, Appellant's live-in girlfriend testified Appellant had been driving the white pickup truck earlier in the evening on the date of the incident.

{¶17} The jury, as the trier of fact, was free to accept or reject any or all of the testimony of the witnesses. The jury obviously believed Sgt. Bishop's identification testimony, coupled with the circumstantial evidence concerning his permissive use of his girlfriend's truck on the night of the incident. We find Appellant's conviction was not based upon insufficient evidence and was not against the manifest weight of the evidence.

{¶18} Appellant's sole assignment of error is overruled.

{¶19} The judgment of the Massillon Municipal Court is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO      :
            :
  Plaintiff-Appellee    :
            :
-vs-          :     JUDGMENT ENTRY
            :
MICHAEL BERNARD COVEY  :
            :
  Defendant-Appellant   :    Case No. 2011CA00268

For the reasons stated in our accompanying Opinion, the judgment of the Massillon Municipal Court is affirmed.  Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS